(99 App. Div. 278)

### DWIGHT v. LAWRENCE et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. PARTITION—PARTIES INTERESTED—DETERMINATION OF INTEREST—CONSTRUCTION OF WILL.

Where, in partition, the referee was directed to determine the interests of the several defendants, infant defendants who excepted to the referee's report were entitled to have the question of their interests determined before sale, though the determination involved the construction of a will, which construction presented difficulties.

Appeal from Judgment on Report of Referee.

Partition by Julia L. Dwight against Samuel R. Lawrence and others. From a judgment confirming a referee's report, Samuel R. Lawrence and some of the other defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and HATCH, JJ.

W. S. Opdyke, for appellants Samuel R. Lawrence et al.
W. H. Van Steenbergh, guardian ad litem, for infant appellant.
De Lagnel Berier, for respondent.

INGRAHAM, J. This action was to partition certain real property consisting of premises owned in fee and a leasehold of which it is alleged the plaintiff was the owner of an undivided fourth, the defendant Samuel R. Lawrence was the owner of an undivided fourth, the defendant Edgar V. Lawrence the owner of an undivided fourth, and the remaining one-fourth was owned by one Laura Lawson, deceased, and is now vested in the defendant Gaines Lawson, as trustee, under her last will and testament, or in the other defendants as her devisees or heirs at law. The plaintiff demands judgment for a partition of the said property, or, in case said property cannot be actually partitioned, that the same be sold, and the proceeds distributed. The defendants Lawrence interposed an answer admitting the ownership of the plaintiff, and asked that the leasehold premises sought to be partitioned be set off to these defendants as their share of the property partitioned, stating that they are willing to receive or to pay any compensation necessary for equality of partition. The infant defendants answered by their guardian ad litem, submitting their interest to the court, and the other defendants failed to answer. The plaintiff then made a motion for a reference to take proof of the title and interests of the several parties, which motion was granted without objection. An order of reference was entered "to take proof of the title and interest of the several parties herein and to the premises and leasehold mentioned in the amended complaint, and of the allegations of said amended complaint, and to ascertain and report what share or part of said premises and leasehold belongs to each of the parties hereto, so far as the same can be ascertained, and the nature and extent of their respective rights and interests therein," with the other usual provisions required by the Code of Civil Procedure and the rules of practice. The parties thereupon proceeded before the referee, who reported that the premises were vested in one Henry Lawrence, who died in the city of New York on the 25th day of January, 1879, leaving a last

will and testament, which was duly admitted to probate; that by the said will one-fourth of the premises was devised and bequeathed to the plaintiff, one-fourth to each of the defendants Lawrence, and one-fourth to Laura Lawson, a niece of the testator; that said Laura Lawson died on or about the 22d of March, 1894, leaving a last will and testament, which was duly admitted to probate, the referee setting forth the will in his report. He further reported that the plaintiff and the defendants Samuel R. Lawrence and Edgar V. Lawrence were each entitled to an undivided one-fourth of the property; that the defendants Gaines Lawrence, as executor under the last will and testament of Laura Lawson, deceased, Lawrence M. Lawson, Katherine L. Neumann, and Katherine Neumann have among themselves, in accordance with the provisions of the will of the said Laura Lawson, deceased, provided the said will be valid, or, in the event that it should be invalid, then the defendants Lawrence M. Lawson and Katherine L. Neumann, as the sole children and heirs of Laura Lawson, deceased, have among themselves, the title to the remaining undivided one-fourth of the property; that "it is impossible to determine at this time, without a construction of the will of the said Laura Lawson first had and obtained, what is the precise nature or extent of the respective interests of the defendants" named; and that, "so far as the rights and interests of those defendants are concerned, the undivided one-fourth share of the premises 24 Albany street and the undivided one-fourth share of the leasehold of 339 West Eighteenth street and 340 West Nineteenth street be set apart, and, if there be a sale had as hereinafter recommended, the net proceeds of the said one-fourth share in both parcels be brought and paid into court, there to be held until the court shall determine whether, by construction of the will of Laura Lawson, deceased, or otherwise, to whom or in what proportion the said proceeds shall be divided according to law." To this report the defendants Lawrence and the guardian ad litem for the infant defendant filed exceptions, whereupon the plaintiff applied to the court for an interlocutory judgment, and the court, overruling the exceptions, directed that an interlocutory judgment be entered in conformity with the report of the referee; and from this interlocutory judgment the defendants Lawrence and the guardian ad litem appeal.

The order of reference directed the referee to take proof of the title and interests of the several parties to the action in and to the premises and leasehold mentioned in the amended complaint, and to ascertain and report what share or part of said premises and leasehold belongs to each of the parties to the action, so far as the same can be ascertained, and the nature and extent of their respective rights and interests therein. Thus it became the duty of the referee to construe the will, and to determine the rights and interests of the several parties in and to the property in question. Neither the executor nor devisee nor next of kin of Laura Lawson appeared in the action, but I think the other parties who were interested in the property had a right to have it determined to whom the property belonged, and then had a right to present to the court the question as to whether there could be an actual partition of the property, so as to award to the defendants Lawrence, in accordance with their demand, the leasehold premises in

which they were interested. But, whether the defendants Lawrence had this right or not, certainly the infant defendants who were before the court had the right to insist that it should be ascertained whether or not the infants had an interest in the property, so that their rights could be protected at the sale, if one was directed. The mere fact that the construction of the will presented difficulties was no reason for the refusal of the referee to determine the question submitted to him. This question has to be determined at some time. In view of the question presented as to the will, it is somewhat surprising that the parties immediately in interest have not appeared in the action. But the question is now before the court, and there is no reason why the will cannot be as well construed at the present time as at any other. The infant defendants are absolutely entitled to have the question whether or not they have any interest in this property now determined; and, as they filed exception to the report, and appealed from the interlocutory judgment, they are entitled to have that question determined before the sale of the property.

It follows that the interlocutory judgment must be reversed, and the case referred back to the referee to report as to which of the defendants is entitled to the one-fourth interest that had vested in Laura Lawson, deceased; the costs of this appeal to the guardian ad litem and the defendants Lawrence to be paid out of the proceeds of the sale. All concur.